**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **NESREDIN HASSEN HUSSEN** | **CASE NO.  1:26-CV-01637 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ELEAZER GARCIA ET AL** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM ORDER**

Before the court is a Motion for Temporary Restraining Order and Motion for Preliminary Injunction[1] [doc. 6] filed by immigration detainee Nesredin Hassen Hussen, in connection with his pending petition for writ of habeas corpus. *See* doc. 1. Mr. Hussen, a native of Eritrea, admits that he entered the United States without inspection in June 2022 and was paroled into the country in October 2022. Doc. 6, att. 1, pp. 7–8. He was detained in April 2026 and is currently in ICE custody at Winn County Correctional Center in Winnsboro, Louisiana. Doc. 1. He seeks habeas relief on the grounds that he was deprived of due process. He also moves for a temporary restraining order and preliminary injunction authorizing his immediate release, release on bond, or a bond hearing, citing health concerns (including unsanitary conditions and a common stomach infection, H. pylori, aggravated by food at the facility). Doc. 6, att. 1.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will

---

[1] Petitioner, who is represented by counsel, also cites Federal Rule of Civil Procedure 37 in support of his request. That rule applies to the failure to make disclosures or cooperate in discovery and has no bearing in this habeas proceeding, where the respondent's answer deadline has not even passed.

succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

The petitioner's request for immediate release demonstrates no threat of imminent harm beyond the ordinary hardships of detention. Instead, he merely seeks to accelerate his request for the ultimate relief requested under his habeas petition. Courts should not allow petitioners to skip the line on habeas review by dressing their petitions as TRO's. *See Rodriguez v. Lyons*, 2025 WL 3553742, at *1 (W.D. La. Dec. 8, 2025) (denying a "motion to decide my habeas petition now."); *Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the

Page 2 of 3

movant the ultimate relief he seeks."). Accordingly, **IT IS ORDERED** that the Motion [doc. 6] be **DENIED**.

    **THUS DONE AND SIGNED** in Chambers on the 2nd day of July, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**